UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERERS HEALTH AND WELFARE TRUST FUND, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>RICHARD WEST,<br><br>        Defendant. | Case No. 14-cv-01672-PJH   (JCS)<br><br>**ORDER TO SHOW CAUSE WHY DAMAGES SHOULD NOT BE REDUCED**<br><br>Re: Dkt. No. 11 |

In this ERISA enforcement action, Plaintiffs[1] bring a Motion for Default Judgment (the "Motion," Dkt. 11) seeking entry of default judgment against Defendant Richard D. West, d/b/a Rick West Plastering (a sole proprietorship), following the Clerk's entry of default against Defendant. Plaintiffs ask the Court to award unpaid fringe benefits, interest, liquidated damages, attorneys' fees, and costs.

Plaintiffs' Motion was referred to the undersigned magistrate judge on July 30, 2014 for a report and recommendation. A hearing was held on Friday, September 19, 2014, at which the undersigned identified certain deficiencies in Plaintiffs' Motion, including that Plaintiffs had not submitted monthly reports of hours worked by Defendant's union employees (the "transmittals") to corroborate Plaintiffs' calculations of fringe benefits owed. Plaintiffs have now submitted the transmittals. *See* Martinez Supp'l Decl. Ex. C (Dkt. 16-4).

Based on the provisions of the collective bargaining agreements, the fringe benefit rates

---

[1] Plaintiffs are: (1) Board of Trustees of the Northern California Plasterers Health and Welfare Trust Fund; (2) Board of Trustees of the Northern California Plastering Industry Pension Trust Fund; (3) Board of Trustees of the Plasterers Local Union No. 66 Supplemental Retirement Benefit Fund; (4) Board of Trustees of the Northern California Plasterers' Joint Apprenticeship and Training Fund; and (5) Board of Trustees of the Plastering Industry Labor-Management Cooperation Committee Trust Fund.

assessed in the transmittals—on which Plaintiffs have based their damages calculations—appear to exceed Defendant's obligations to Plaintiffs.

The 2009 Plasterers Master Agreement requires employers to pay the following amounts to the Trusts for each hour (straight time or overtime) worked by an eligible employee: $12.65 to the Plastering Industry Welfare Trust Fund ("Welfare Trust"), an amount increasing over the term of the agreement from $3.80 to $6.23 to the Northern California Plastering Industry Pension Trust Fund ("Pension Trust"), $4.05 to the Operative Plasterers Local Union No. 66 Supplemental Retirement Benefit Fund ("Supplemental Trust"), $0.65 to the Operative Plasterers Local Union No. 66 Journeyman and Apprentice Training Trust Fund ("Local 66 Training Trust"), and $0.38 to the Plastering Industry Labor-Management Cooperation Committee Trust Fund ("Cooperation Trust"),[2] for a total ranging from $21.53 to $23.96 per hour. Martinez Supp'l Decl. Ex. A (Dkt. 16-2) arts. XVII–XXI. All fringe payments, except payments to the Welfare Trust, are reduced for apprentices. *Id.* art. XV §§ 9–10. The 2013 Plasterers Master Agreement requires payment to the same trusts at different amounts: $12.53 to Welfare Trust, $6.23 to the Pension Trust, $4.40 to the Supplemental Trust, $0.95 to the Local 66 Training Trust, and $0.40 to the Cooperation Trust, for a total of $24.51 per hour. Martinez Decl. Ex. A (Dkt. 11-2) arts. XVII–XXI. As under the earlier agreement, payments for hours worked by apprentices are reduced, except payments to the Welfare Trust. *Id.* art. XV §§ 9–10.

The 2013 Labor Agreement includes similar provisions, requiring the following payment for each hour of work by a covered employee: $12.03 to the Welfare Trust, $6.23 to the Pension Trust, $2.20 to the Supplemental Trust, $0.40 to the Cooperation Trust, and $0.95 to the Northern California Plasterers' Joint Apprenticeship and Training Fund ("Joint Training Trust"), for a total of $21.81. Martinez Decl. Ex. C (Dkt. 11-4) art. 5 § 6. This agreement, rather than reducing fringe benefits pro rata for apprentices, limits the categories of benefits that apprentices are entitled to. As relevant to Plaintiffs' Motion, apprentices in their second six-month period (who

---

[2] Each of these trusts corresponds to one of the Plaintiffs, except for the Local 66 Training Trust. That trust merged into the Joint Training Trust, a plaintiff in this case, effective January 1, 2014. *See* Chang Supp'l Decl. ¶ 3 & Ex. A at 3.

receive 55% of journeyman pay) are entitled only to welfare benefits, and apprentices in their seventh six-month period (who receive 80% of journeyman pay) are entitled to full fringe benefits. The 2009 Labor Agreement is somewhat more complicated, with rates changing over time and varying based on the geographic area where the work was performed.  *See* Martinez Supp'l Decl. Ex. B (Dkt. 16-3) art. 5 § 2.  Because Plaintiffs do not seek damages related to any obligations owed under the 2009 Labor Agreement, *see id.* Ex. C, its reimbursement rates are not relevant to the resolution of Plaintiffs' Motion.

The monthly transmittals, on which Plaintiffs' damages calculations are based, list different reimbursement rates than the calculations above.  The following table compares each transmittal to the rate derived from the applicable collective bargaining agreement.  The rates listed here are for journeyman employees who receive fringe benefits in full, but discrepancies are also apparent for most apprentices.

| Transmittal[3] | Month | CBA | Listed Rate | CBA Rate |
|---|---|---|---|---|
| 2 | July 2012 | 2009 Plasterers Master Agreement | $29.96 | $23.96 |
| 3 | August 2012 | 2009 Plasterers Master Agreement | $29.96 | $23.96 |
| 4 | September 2013 | 2013 Labor Agreement | $26.94 | $21.81 |
| 5 | September 2013 | 2013 Plasterers Master Agreement | $30.05 | $24.51 |
| 6 | October 2013 | 2013 Plasterers Master Agreement | $30.05 | $24.51 |
| 7 | October 2013 | 2013 Labor Agreement | $26.94 | $21.81 |
| 8 | April 2011 | 2009 Plasterers Master Agreement | $27.65 | $22.21 |
| 9 | November 2011 | 2009 Plasterers Master Agreement | $29.96 | $23.02 |
| 10 | January 2013 | 2009 Plasterers Master Agreement | $29.75 | $23.96 |
| 11 | February 2013 | 2009 Plasterers Master Agreement | $29.75 | $23.96 |
| 12 | July 2013 | 2013 Labor Agreement | $26.94 | $21.81 |
| 13 | July 2013 | 2013 Plasterers Master Agreement | $30.05 | $24.51 |

---

[3] Transmittals are numbered here based on the ECF page numbers of Exhibit C to the Martinez Supplemental Declaration.

3

| Transmittal[3] | Month | CBA | Listed Rate | CBA Rate |
|---|---|---|---|---|
| 14 | August 2013 | 2013 Plasterers Master Agreement | $30.05 | $24.51 |
| 15 | August 2013 | 2013 Labor Agreement | $26.94 | $21.81 |

The discrepancies in rates may be due in part to Defendant's other obligations related to his union employees, such as deductions for union dues, payments to employees' vacation accounts, or payments to an industry promotion fund. *See, e.g.*, Martinez Supp'l Decl. Ex. A arts. XXII−XXIV.  If that is the case, Plaintiffs have made no showing that any Plaintiff in this case is entitled to recover such obligations, or that those obligations are governed by the ERISA statute under which Plaintiffs brought this action.

Plaintiffs are hereby ORDERED to show cause why the requested damages should not be reduced to account for the rates listed in the rightmost column above.  If Plaintiffs believe the rates in the transmittals are accurate, they should file a second supplemental brief justifying those rates.  If Plaintiffs concede that the rates should be reduced, they should file a second supplemental brief calculating damages—including interest and liquidated damages—based on the rates derived from the collective bargaining agreements.  Plaintiffs must file their second supplemental brief no later than November 3, 2014.

**IT IS SO ORDERED**

Dated: October 20, 2014

JOSEPH C. SPERO
United States Magistrate Judge

4